**GRANT CONSTRUCTION CORPORATION,**
**Appellant,**

v.

**Alberta Naomi HARRIS, Appellee.**

**No. 79–210.**

District of Columbia Court of Appeals.

Submitted July 19, 1979.

Decided Aug. 9, 1979.

---

Bert W. Kapinus, Washington, D. C., for appellant.

No appearance was entered for appellee.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and YEAGLEY, Associated Judge, Retired.

PER CURIAM:

We granted appellant's petition for allowance of an appeal to review a judgment entered against it in the Small Claims and Conciliation Branch of the trial court. We reverse.

The Statement of Proceedings prepared by the trial court * in its entirety reads:

The sole witness at trial was the plaintiff (appellee). She testified that on March 17, 1976, after her husband and two children left home, she then left the home. At that time the defendant (appellant) was doing work at the home and had been given a key to the home. Upon plaintiff's return to the home, she found certain articles missing, including a radio which she valued at $89 (one year old), a television set valued at $159 (two years old), a cassette valued at $69 (three months old), two piggybanks valued in excess of $50 and clothing on which plaintiff was unable to place any accurate value. She further testified that no other person except defendant had keys to her house.

There was no cross-examination of plaintiff, and defendant offered no testimony.

The trial court found in favor of the plaintiff in the amount of $250 since it appeared that defendant was responsible for the lost articles.

We discern no legal thesis under which the foregoing findings of fact without more, can serve to impose liability on appellant. Nor does the trial court suggest one in the Statement of Proceedings. Consequently, we are left with no alternative but to reverse and remand with instructions to enter judgment for appellant.

*So ordered.*

* *See* Rule 6(c) of the General Rules of this Court.